U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*/s/ Barbara J. Houser*
**United States Bankruptcy Judge**

**Signed February 23, 2011**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BROADSTAR WIND SYSTEMS | § | Case No. 10-33373-BJH |
| GROUP LLC, *et al.*, | § | |
| | § | Jointly Administered |
| Debtors. | § | |

### ORDER (I) APPROVING A PURCHASE AGREEMENT BETWEEN THE DEBTORS AND THE SUCCESSFUL BIDDER, (II) AUTHORIZING THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF

Upon the Motion of BroadStar Wind Systems Group LLC, *et al.*, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for Entry of an Order (I) Approving a Purchase Agreement Between the Debtors and the Successful Bidder (the "Agreement"), (II) Authorizing the Sale of all or Substantially all of the Assets Free and Clear of all Liens, Claims, Interests and Encumbrances, and (III) Granting Related Relief (the "Motion"); and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this being a core proceeding

pursuant to 28 U.S.C. § 157 (b)(2); and good and sufficient notice of the Motion having been given and no other or further notice of the Motion being required, and any and all objections have been withdrawn or overruled; and after due deliberation and good cause appearing therefor:

**THE COURT HEREBY FINDS THAT:**[1]

Jurisdiction, Final Order and Statutory Bases

1. This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (0). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

3. The statutory bases for the relief requested in the Motion are sections 105(a), 363(b), (f), and (m), and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Bankruptcy Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9007 and 9014.

4. This Court entered the Bid Procedures Order on January 21, 2011 [Docket No. 268].

Notice of the Sale and Auction

5. Actual written notice of the Sale Hearing, the Auction, the Motion, the sale of the Assets and a reasonable opportunity to object or be heard with respect to the Motion and the relief

---

[1] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

requested therein has been afforded to all known interested entities, including, but not limited to: (i) to the top thirty (30) unsecured creditors of the Debtors on a consolidated basis, (ii) the Office of the United States Trustee, (iii) all parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure, (iv) all lien holders, (v) the taxing authorities, and (vi) the Contact Parties (collectively, the "Notice Parties")

6. The Debtors published notice of the time and place of the proposed Auction, the time and place of the Sale Hearing and the time for filing an objection to the relief requested in the Motion relating to the Transaction in the Wall Street Journal.

7. The Debtors have articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sales process, including, without limitation, approval and authorization to serve the Bid Procedures Notice.

8. The Bid Procedures Notice provided all interested parties with timely and proper notice of the Transaction, the Sale Hearing and the Auction.

9. As evidenced by the certificates of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Motion, the Auction, the Sale Hearing and the Transaction has been provided in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014. The Debtors also have complied with all obligations to provide notice of the Motion, the Auction, the Sale Hearing and the Transaction required by the Bid Procedures Order. The notices described above were good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the Auction, the Sale Hearing or the Transaction is required.

10. The disclosures made by the Debtors concerning the Agreement, the Auction, the Transaction and the Sale Hearing were good, complete and adequate.

Good Faith of the Successful Bidder

11. The Successful Bidder is purchasing the Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protections of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) the Successful Bidder recognized that the Debtors were free to deal with any other party interested in acquiring the Assets; (ii) the Successful Bidder complied with the provisions in the Bid Procedures Order; (iii) the Successful Bidder agreed to subject its bid to the competitive bidding procedures set forth in the Bid Procedures Order; (iv) all payments to be made by the Successful Bidder and other agreements or arrangements entered into by the Successful Bidder in connection with the Transaction have been disclosed; (v) the Successful Bidder has not violated section 363(n) of the Bankruptcy Code by any action or inaction; and (vi) the negotiation and execution of the Agreement was at arms-length and in good faith.

Highest and Best Offer

12. The Debtors did not receive any other offers and as such the Auction was not conducted. The Auction was duly noticed and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Assets.

13. The Agreement constitutes the highest and best offer for the Assets, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative. The Debtors' determination that the Agreement constitutes the highest and best offer for the Assets constitutes a valid and sound exercise of the Debtors' business judgment.

14. The Agreement represents a fair and reasonable offer to purchase the Assets under the circumstances of these cases. No other entity or group of entities has offered to purchase the Assets for greater economic value to the Debtors' estates than the Successful Bidder.

15. Approval of the Motion and the Agreement and the consummation of the transactions contemplated thereby is in the best interests of the Debtors, their creditors, their estates and other parties in interest.

16. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the Transaction.

No Fraudulent Transfer

17. The consideration provided by the Successful Bidder pursuant to the Agreement is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

18. The Successful Bidder is not a mere continuation of the Debtors or their estates and there is no continuity between the Successful Bidder and the Debtors. The Successful Bidder is not holding itself out to the public as a continuation of the Debtors. The Successful Bidder is not a successor to the Debtors or their estates and the Transaction does not amount to a consolidation, merger or de facto merger of the Successful Bidder and the Debtors.

Validity of Transfer

19. The Debtors have full corporate power and authority to execute and deliver the Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Debtors to consummate the transactions contemplated by the Agreement, except as otherwise set forth in the Agreement.

20. The transfer of each of the Assets to the Successful Bidder will be as of the Closing Date a legal, valid and effective transfer of such assets, and vests or will vest the Successful Bidder with all right, title and interest of the Debtors to the Assets free and clear of all Claims and Interests

accruing, arising or relating thereto any time prior to the Closing Date, except for any permitted encumbrances and assumed liabilities (the "Permitted Encumbrances" and "Assumed Liabilities," respectively) under the Agreement.

Section 363(f) Is Satisfied

21. The Successful Bidder would not have entered into the Agreement and would not consummate the transactions contemplated thereby if the sale of the Assets to the Successful Bidder were not free and clear of all Claims and Interests of any kind or nature whatsoever (except the Permitted Encumbrances and Assumed Liabilities), or if the Successful Bidder would, or in the future could, be liable for any of such Claims and Interests.

22. The Debtors may sell the Assets free and clear of all Claims and Interests against the Debtors, their estates or any of the Assets (except for the Permitted Encumbrances and Assumed Liabilities) because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Claims and Interests against the Debtors, their estates or any of the Assets who did not object, or who withdrew their objections, to the Transaction or the Motion are deemed to have consented thereto pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Claims and Interests who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Claims and Interests, if any, in each instance against the Debtors, their estates or any of the Assets, attach to the cash proceeds of the Transaction ultimately attributable to the Assets in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.

**ORDER GRANTING DEBTORS' MOTION TO
SELL ASSETS FREE AND CLEAR – PAGE 6**
DAL:792596.2

23. Specifically, Dallas County's liens attach to the proceeds with the same validity, priority and extent that they attached to the property and Dallas County shall receive payment of year 2010 ad valorem business personal property taxes plus accrued interest pursuant to 11 U.S.C. Sections 506(b) and 511 along with payment of year 2011 ad valorem business personal property taxes at the Closing.

Compelling Circumstances for an Immediate Sale

24. To maximize the value of the Assets and to reduce the amount of postpetition debtor-in-possession financing borne by the Debtors, it is essential that the closing of the Transaction occur within the time constraints set forth in the Agreement. Time is of the essence in consummating the Transaction.

25. Given all of the circumstances of the Chapter 11 Cases and the adequacy and fair value of the purchase price under the Agreement, the Transaction constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

26. The consummation of the Transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), 365(b) and 365(f) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**Accordingly, it is hereby:**

ORDERED that the Motion is granted and approved, and that the Transaction contemplated thereby and by the Agreement is approved as set forth in this Order; and it is further

ORDERED that this Court's findings of fact and conclusions of law, set forth in the Bid Procedures Order, are incorporated herein by reference; and it is further

ORDERED that the Debtors shall be, and hereby are, authorized to sell its assets to the Successful Bidder pursuant to the terms set forth in the Agreement; and it is further

ORDERED that the Debtors be, and hereby are, authorized and the Debtors be, and they hereby are, directed to execute any and all appropriate documentation in connection with and in furtherance of the Transaction, and to do all such further acts and things as may be reasonably necessary to complete the transactions and consummate the same; and it is further

ORDERED that the sale of the Assets be, and are hereby deemed to be, free and clear of any and all liens, claims, interests and encumbrances, with all such liens, claims, interests and encumbrances to attach to the proceeds of sale in the same order of priority as existed prior thereto; and it is further

ORDERED that any party who has filed a lien on the Assets shall be required to file a release of lien, claim or encumbrance of any other such document as may be required under applicable law to cancel and remove from the public record any such lien, encumbrance or claim; and it is further

ORDERED that, to the extent the DIP Lender is not the Successful Bidder and/or has not previously been paid in full, after payment of Dallas County as previously set forth herein, the Debtors shall pay the proceeds of the sale of Assets to the DIP Lender; and it is further

ORDERED that, the Purchaser is not a successor to the Debtor, and that the sale of the Assets pursuant to this Order does not constitute a de facto merger or consolidation of the Debtors and Purchaser, or a continuation of the Debtors' business, and the Purchaser shall have no successor, transferee or similar liability as a result of the acquisition of the Assets; and it is further

ORDERED that, notwithstanding the provisions of Bankruptcy Rule 6004(g), this Order shall be effective immediately; and it is further

ORDERED that notwithstanding the provisions of this Order or the Agreement, any dispute between Etcetera and the Debtors regarding the ownership of the 828 and 448 patents has not been determined by this Court. This Order and the Agreement simply transfer whatever interest the Debtors have in such patents to Purchaser; and it is further

ORDERED that the Court shall retain exclusive jurisdiction over any dispute arising with respect to the relief granted herein, including, but not limited to, the enforcement of the terms and conditions of this Order.

### END OF ORDER ###